**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JASON INNIS, on behalf of himself and other similarly situated individuals, | ) ) ) | |
| Plaintiff, | ) ) | Case No. |
| v. | ) ) | Judge |
| BLACK DIAMOND PLUMBING AND MECHANICAL, INC. d/b/a BLACK DIAMOND PLUMBING AND ELECTRIC and AXBERG HEATING COMPANY, INC., | ) ) ) ) ) ) | Magistrate Judge |
| Defendant. | ) | |

**CLASS ACTION COMPLAINT**

Plaintiff Jason Innis, on behalf of himself and other similarly situated individuals, known and unknown, through his attorneys, against Black Diamond Plumbing and Mechanical, Inc. ("Black Diamond") states as follows:

### I.   NATURE OF THE CASE

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL") for Defendant's failure to pay Plaintiff and other similarly situated employees overtime wages for all time worked in excess of forty (40) hours in a work week in violation of the FLSA and IMWL;

### II.   JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. §216(b). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

3. Venue is proper in this judicial district because Defendant's place of business is located within this judicial district and the events giving rise to Plaintiff's claims occurred in this judicial district.

### III. PARTIES

**Plaintiff**

4. Plaintiff resides in and is domiciled in the State of Illinois and within this judicial district.

5. At all relevant times, Plaintiff was Defendant's "employee" as defined by the FLSA, 29 U.S.C. §201 *et seq.*, and IMWL, 820 ILCS 105/1 *et seq.*

**Defendant**

6. Within the relevant time period, Defendant Black Diamond:

   a. has been a corporation organized under the laws of the State of Illinois;

   b. has had its principal place of business at 1400 Miller Parkway in McHenry, Illinois, within this judicial district;

   c. has conducted business in Illinois and within this judicial district;

   d. has been an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce, within the meaning of Section 3(s)(1)(A);

   e. has had two (2) or more employees who have handled goods that moved in interstate commerce; and

   f. was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. §203(d) and IMWL, 820 ILCS 105/3(c).

### IV. FACTUAL BACKGROUND

7. Plaintiff Jason Innis worked year round as a plumber for Black Diamond from 2004 until May 29, 2014.

8. Plaintiff was scheduled to work each day at 7:00 am Monday through Friday. In addition, Plaintiff was also "on call" every Tuesday evening and one weekend each month.

9. Plaintiff would be sent out to various jobsites throughout the metropolitan area of Chicago, Illinois based upon the needs of the Defendant.

10. A significant portion of the jobsites Plaintiff worked at were related to a contract Defendant had with the retailer Meijer to provide plumbing services for their stores.

11. Plaintiff, along with Black Diamond co-owner Scott Underwood, went to the first meeting with representatives of Meijer in 2009 to discuss a service contract.

12. At that first appointment at Meijer, Plaintiff's job was to complete the necessary work, while Mr. Underwood acted as salesman to Meijer's representative.

13. At subsequent jobs at Meijer, Plaintiff would diagnose issues and fill out a work order according to the needs to address those issues. Plaintiff would then also do the necessary work.

14. Meijer would then be billed according the terms of its contract with Defendant.

15. When one job was finished, Plaintiff would be assigned to the next job by dispatchers at Black Diamond.

16. Plaintiff would then travel to that job.

17. Plaintiff's travel time was not compensated.

18. Plaintiff was also required to go the office when one job ended if he had not been assigned to another job.

19. These periods at the office were spent without pay.

20. All prices were set by the Defendant and charged at a fixed price depending on the type of job.

21. This fixed price included both parts and labor.

22. The price of each job was divided into two major pieces, one representing the goods and parts and the other representing the labor.

23. As compensation for his work, Plaintiff received a percentage of only the labor portion of the price.

24. The percentage received by Plaintiff varied and was determined by Defendant based on a number of performance criteria.

25. Parts and goods were held in inventory for pick-up at Defendant's office facility, located at 748 Tek Drive in Crystal Lake, Illinois at the time of Plaintiff's employment.

26. Plaintiff would be required to go the office to pick up various parts depending on the job's needs or when stock in his truck was low.

27. Defendant issued coupons for price discounts and made them available to its customers and potential customers. Defendant also maintained a customer loyalty club – called the Diamond Club during the majority of Plaintiff's employment, now known as the Crystal Club – members of which receive a discount on all prices by Defendant, as well as various free services.

28. When Plaintiff provided one of these free services, such as a home inspection, he would receive no compensation for that service.

29. Any reduction by percentage in the price for a particular job was calculated on the total flat rate price, but the total reduction came only out of the labor portion of the price.

30. Any coupon reducing the cost by a fixed amount was likewise applied only to the labor portion of the fixed price.

31. The price of goods and parts was not reduced by the discounts.

32. This reduction in the amount of the price attributed to labor led to a corresponding reduction in compensation to the Plaintiff, as the sole source of compensation on these jobs was a percentage of the portion of the fixed price attributed to labor.

33. Plaintiff was required to complete as many jobs as he was scheduled for by Defendant in a particular day, regardless of the number of hours worked.

34. In addition to a percentage related to labor, Plaintiff was paid a "shop time" rate of $31.00 per hour for certain work, such as time spent repairing work done by other Black Diamond plumbers that failed to fix an issue, or for training, meetings, and the like.

35. During the course of his employment with Defendant, Plaintiff regularly worked in excess of forty (40) hours in individual weeks.

36. Other similarly situated employees likewise regularly worked in excess of forty (40) hours in individual weeks.

37. Defendant failed to pay overtime compensation to Plaintiff and other similarly situated employees for all time worked in excess of forty (40) hours in an individual week.

38. On or about June 2, 2014, Plaintiff filed a complaint for failure to pay overtime with the Illinois Department of Labor.

## V. CLASS ACTION ALLEGATIONS

39. Plaintiff will seek to certify a class action pursuant to Fed. R. Civ. P. Rule 23 for his state law claim for Illinois-mandated overtime wages (Count II) arising under the IMWL.

40. The class that Plaintiff seeks to represent is defined as: All individuals employed by Black Diamond Plumbing and Mechanical, Inc. and classified as exempted from overtime provisions of the FLSA and IMWL and who worked in excess of forty (40) hours in any individual work weeks for the period of June 2, 2011 through the date of judgment.

41. Count II is brought pursuant to Fed. R. Civ. P. Rule 23 (a) and (b) because:

   a. The class is so numerous that joinder of all members is impracticable:

   b. While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes that Defendant have employed dozens of individuals in Illinois during the IMWL Class Periods;

   c. There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members. These common questions of law and fact include, without limitation:

      i. Whether Defendant misclassified Plaintiff and the Class as exempt from the overtime provisions of the IMWL.

      ii. Whether Defendant failed to pay Plaintiff and the Class overtime wages for all time worked over forty (40) hours in individual work weeks during the IMWL Class Period.

   d. Plaintiff will fairly and adequately represent and protect the interests of the Class members. Plaintiff's Counsel is competent and experienced in litigating discrimination and other employment class actions (See Exhibit A, Plaintiff's consent to represent in collective action);

   e. The class representatives and the members of the class have been equally affected by Defendant's failure to pay Illinois overtime wages;

    f.    The class representatives, class members and Defendant have a commonality of interest in the subject matter and remedies sought and the class representatives are able to fairly and adequately represent the interest of the class. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions creating a hardship on the class members, Defendant, and the Court.

42.    Therefore, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

## COUNT I
## Violation of the Fair Labor Standards Act- Overtime Wages
## Section 216(b) Collective Action

43.    Plaintiff incorporates and re-alleges paragraphs 1 through 42 of this Complaint, as though set forth herein.

44.    The matters set forth in this Count arise from Defendant's violation of the overtime provisions of the FLSA.

45.    In the three years prior to the filing of Plaintiff's complaint with the Illinois Department of Labor, Defendant suffered or permitted Plaintiff to work, and Plaintiff did in fact work, in excess of forty (40) hours in individual work weeks during his employment with Defendant.

46.    In the three years prior to the filing of Plaintiff's complaint with the Illinois Department of Labor, Defendant likewise suffered or permitted other similarly situated employees to work who did, in fact, perform work for Defendant in excess of forty (40) hours in individual work weeks but did not compensate them at least at the overtime wage rate of one and a half times his regular rate of pay for all time worked in excess of forty (40).

47. Plaintiff and other similarly situated employees were not exempt from the overtime wage provisions of the FLSA.

48. Plaintiff and other similarly situated employees were entitled to be compensated at the rate of one and a half times their regular rate for all time worked in excess of forty (40) hours in an individual work week.

49. Defendant violated the FLSA by failing to compensate Plaintiff and other similarly situated employees' overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

50. Plaintiff and other similarly situated employees are entitled to recover unpaid overtime wages for up to three (3) years prior to Plaintiff filing his complaint with the Illinois Department of Labor because Defendant's violation was willful.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A. That the Court determine that this action may be maintained as a collective action pursuant to Section 216(b) of the FLSA;

B. A judgment in the amount of unpaid overtime wages for all the time Plaintiff and similarly situated employees worked in excess of forty (40) hours in individual work weeks for Defendant;

C. Liquidated damages in the amount equal to the unpaid wages;

D. That the Court declare the Defendant violated the FLSA;

E. That the Court enjoin the Defendant from continuing to violate the FLSA;

F. Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

G. Such other further relief this Court deems appropriate and just.

### COUNT II
**Violation of the Illinois Minimum Wage Law- Overtime Wages**
*Class Action*

8

51. Plaintiff incorporates and re-alleges paragraphs 1 through 50 of this Complaint, as though set forth herein.

52. The matters set forth in this Count arise from Defendant's violation of the overtime wage provision of the IMWL.

53. In the three years prior to the filing of Plaintiff's complaint with the Illinois Department of Labor, Defendant suffered or permitted Plaintiff to work, and Plaintiff did in fact work, in excess of forty (40) hours in individual work weeks during his employment with Defendant.

54. In the three years prior to the filing of Plaintiff's complaint with the Illinois Department of Labor, Defendant suffered or permitted other similarly situated employees to work, and other similarly situated employees did in fact work, in excess of forty (40) hours in individual work weeks during their employment with Defendant.

55. Plaintiff and other similarly situated employees were not exempt from the overtime wage provisions of the IMWL.

56. Plaintiff and other similarly situated employees were entitled to be compensated at the rate of one and a half times their regular rate for all time worked in excess of forty (40) hours in an individual work week.

57. Defendant violated the IMWL by failing to compensate Plaintiff and similarly situated employees for all time worked in excess of forty (40) hours in individual work weeks.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

    A. That the Court determines that this action may be certified as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

    B. A judgment in the amount of unpaid overtime wages for all the time Plaintiff and similarly situated employees worked in excess of forty (40) hours in individual workweeks for Defendant;

C. Statutory damages pursuant to the formula set forth in 820 ILCS 105/12(a);

D. That the Court declare the Defendant violated the IMWL;

E. That the Court enjoin the Defendant from continuing to violate the IMWL;

F. Reasonable attorneys' fees and costs of this action as provided by the IMWL; and

G. Such other further relief this Court deems appropriate and just.

Respectfully Submitted,

Dated: February 19, 2016

*/s/ Neil Kelley*
Neil Kelley (ARDC #6306308)
Christopher J. Williams (ARDC #6284262)
Alvar Ayala (ARDC #6295810)
Workers' Law Office, P.C.
53 W. Jackson Blvd, Suite 701
Chicago, IL 60604
(312) 795-9121

Attorneys for Plaintiff

10